BORRÁS ET AL. *v.* THE REGISTRAR OF PROPERTY.

APPEAL from a decision of the Registrar of Property of San
Juan.　Section 1.

No. 60.—Decided November 10, 1910.

CANCELLATION—MENTIONS OF COMMON CREDITS.—When a mortgaged estate has
been judicially sold and the execution first mortgage creditor paid, the fact
that no surplus remains to apply to the other credits subsequently recorded
does not justify the cancellation of the mentions of common credits made in
the registry, which credits are not among those enumerated in article 125 of
the Mortgage Law, and such cancellation would constitute a violation of ar-
ticle 82 of the said law, inasmuch as the express or implied consent of the
creditor does not appear, nor can it be supposed that he has intervened in
the proceedings as mortgage creditors are allowed to do under articles 171
and 172 of the Regulations for the execution of the aforesaid law.

The facts are stated in the opinion.

*Mr. Rafael López Landrón* for appel'ants.

MR. JUSTICE DEL TORO delivered the opinion of the court.

In case No. 1126 prosecuted by Pascual Borrás Llacer, ad-
minstrator of the Estate of Pedro Arana against The Estate
of María de Jesús Urrutia, for the recovery of a mortgage,
counsel for both parties moved the court to order the marshal
who executed the judgment to issue an order to the Registrar
of Property of San Juan, according to the provisions of sec-
tion 125 of the Mortgage Law, requiring that all encum-
brances and notices of charges subsequent to the mortgage
foreclosed upon be canceled, inasmuch as the property hav-
ing been judicially sold and the first mortgage creditor having
been paid, no residue remained to apply to the payment of
the other credits subsequently recorded, and among them, that
appearing in the following notice: "Upon the adjudication
of the property to Doña María de Jesús Urrutia, by deed of
sale executed by virtue of the said adjudication to José Suá-
rez, it was made to appear that after payment of the debts
due her, which were considered as paid, and deducting the

debt of $6,800 due Antonio Moreno (now Benigno Trueba, increased to 9,510 *pesos* and 41 *centavos* with accumulated interest), and $120,000 of the debt due Arana; the balance of the price of the sale—that is to say, $49,491.11—remained in her possession to be paid within six months after entering into possession on September 4, 1878, the costs of the foreclosure proceedings and actions in intervention of ownership up to October 5 of the same year; and the balance remaining after those costs are paid or satisfied to be paid by the purchaser to the vendor.''

The court granted the motion and the marshal issued the order to the registrar, who entered the following decision at the end of said document, and from this decision the present appeal is taken:

''The cancellation ordered in the foregoing document is denied in respect to the credit of 49,491 *pesos* and 11 *centavos* referred to in the decision contained in the motion quoted in the said document and of which decision only cancellation is sought, because the said credit is not such as those mentioned in section 125 of the Mortgage Law and 132 of the Regulations; and if the cancellation ordered were made, section 82 of the said law would be violated thereby, since the creditor does not consent thereto nor is it to be supposed, a joint creditor being involved, that the proceedings established for the intervention of mortgage creditors by sections 171 and 172 of said Regulations have been had; and in lieu thereof a cautionary notice is entered, effective for four months, upon the margin of the first record of property No. 47, at folio 227, of volume 1 of Carolina. San Juan, June 4, 1910. The Registrar, José S. Belaval.''

The grounds set forth by the registrar are sufficient to warrant an affirmance of his decision. To hold otherwise would amount to an application of the provisions of section 125 of the Mortgage Law in a case not expressly provided for by the Regulations. Furthermore, as is also stated by the registrar in his report of October 23 last, ''to cancel a debt upon an installment price—that is to say, the notice thereof in the registry—without the express or presumed con-

sent of the creditor, would be a violation of section 82 of the Mortgage Law and all the principles governing this Code.''

The appeal must be dismissed and the decision appealed from, affirmed.

*Affirmed.*

Chief Justice Hernández and Justices MacLeary and Wolf concurred.

Mr. Justice Figueras did not take part in the decision of this case.